UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

JESSE GUARDADO,
Plaintiff,

v.

RICHARD COMERFORD, Sec'y, Dep't of Corr.,

and

RANDALL POLK, Warden, Florida State Prison,
Defendants.
_______________________________/

Civil Action No. 3:26-cv-02596-MMH-SJH

**Emergency Motion for Intervention**

**Execution Scheduled For: October 20, 2026, at 6:00 p.m.**

## EMERGENCY MOTION FOR PERMISSIVE INTERVENTION

**COMES NOW, WILLIAM REAVES,** by and through his undersigned counsel, and herein moves, pursuant to Federal Rule of Criminal Procedure 24(b)(1)(B), to intervene in the above-captioned matter in which Plaintiff Jesse Guardado seeks declaratory and injunctive relief for imminent violations of his Eighth Amendment rights due to the maladministration of the execution protocols including the administration of expired drugs by Defendants during lethal injection.

Mr. Reaves simultaneously files an emergency motion to stay his execution, which is currently scheduled for October 20, 2026, at 6:00 p.m., at Florida State Prison, should this Court grant his motion for permissive

intervention. In support thereof, Mr. Reaves states as follows:

1. On Friday, September 18, 2026, Governor Ron DeSantis signed a death warrant for Mr. Reaves, setting his execution for October 20, 2026, at 6:00 p.m.[1]

2. Florida intends to carry out Mr. Reaves's execution via Lethal Injection for which it will rely on the same 3-drug-Protocol as is at issue in Guardado's Complaint (Doc. 1). The protocol was most recently certified on August 14, 2026, and will be administered by the same state agency—the Florida Department of Corrections ("FDOC").

3. On September 28, 2026, Guardado filed his Complaint in this action. (Doc. 1)

4. On October 5, 2026, Governor Ron DeSantis issued a warrant setting Guardado for execution on November 5, 2026.

5. On October 8, 2026, Guardado filed an emergency motion for an injunction under the All Writs Act, or, alternatively for a stay of execution. (Doc. 11).

6. On the same day, this Court ordered the Defendants to respond to Plaintiff's emergency motion by Monday October 12, 2026. (DE 12).

7. On October 9, 2026, Defendants moved to dismiss for failure to

[1] Mr. Reaves includes citations to the record of his warrant proceedings on appeal to the Florida Supreme Court, which are noted as (WR. ___).

state a claim. (Doc. 13)

8. On the same day, this Court entered an order directing the Defendants to "address Plaintiff's argument that the FDOC's administration of expired drugs presents a substantial risk of serious harm." (DE 15)

9. This Court further stated that if, after reviewing the parties' filings, the Court determines an evidentiary hearing is warranted, the Court will hold an in-person evidentiary hearing on Thursday October 22, 2026 at 9:30 a.m. (DE 15).

10. On October 16, 2026, this Court, after reviewing the parties' submission, granted a limited evidentiary hearing. (Doc. 19)

11. Fed. R. Civ. Pro. 24 (b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

12. Mr. Reaves has a claim with Plaintiff Guardado's action that shares a common question of law and fact.

13. Specifically, Florida intends to carry out Mr. Reaves's execution via Lethal Injection for which it will rely on the same 3-drug-Protocol, and potentially maladminister the protocol, including using the same type of expired drugs, or the same type of expired drugs that Defendants have previously used, as alleged in Mr. Guardado's Complaint and as addressed by this Court in its October 9, 2026 order. (DE 15)

14. The same agency, FDOC, will use the same Protocol to carry out Mr. Reaves's execution that Plaintiff Guardado avers FDOC continues to maladminister in his action currently pending before this Court. As noted in his Response to Defendant's Motion to Dismiss:

> But Guardado's challenge concerns Defendants' recurring conduct while carrying out a rash of executions in 2025 and 2026, conduct that was documented in their own records. Those records, which Defendants have yet to explain, reveal Defendants' inability to follow their own protocol when carrying out executions, resulting in the documented use of expired etomidate on at least four occasions. Those errors, coupled with recently produced autopsies, toxicology reports, and newly generated expert conclusions, support the demonstrated risk that Guardado will be conscious following the injection of a series of drugs that can inflict torturous pain to a conscious recipient—all while he is paralyzed and unable to outwardly evince that pain. In response, Defendants are indifferent to these errors, providing unsubstantiated assurances about the efficacy of etomidate without acknowledging the ongoing maladministration or the fact that "success" is difficult to quantify for a protocol that manufactures tranquility with a chemical paralytic. Taken together, this information supports at least a plausible claim for Eighth Amendment relief.

(DOC. 18, p. 2)

15. Florida does not follow its own protocol, and medical records establish such deviation is not without severe impact on the executed. The "substantial risk of serious harm," that will occur as a result of FDOC's

maladministration of the lethal injection Protocols also impact Mr. Reaves.[2] *See Glossip v. Gross*, 576 U.S. 863, 877 (2015).

16. This Court determined Mr. Guardado's allegations warranted an evidentiary hearing, which will be held October 22, 2026.

17. Mr. Reaves's execution is currently scheduled two days before the hearing date scheduled in this matter.

18. Mr. Reaves faces imminent execution by an agency that continues to maladminister the protocol and, because Mr. Reaves "has a claim or defense that shares with the main action a common question of law or fact," this Court should grant this motion and permit Mr. Reaves to intervene. *See Cooey v. Strickland*, Case No. 2:04-cv-1156, 2008 WL 471536 (S.D. Ohio Feb. 15, 2008).

19. Undersigned counsel contacted counsel for Mr. Guardado and is authorized to represent that Mr. Guardado has no objection to Mr. Reaves intervening in the above-captioned litigation.

20. Undersigned counsel contacted Defendants via email who indicated they oppose this motion.

[2] Mr. Reaves filed a state court action raising an as-applied challenge to the Lethal Injection Protocols limited to the Protocol's silence as to the procedures concerning consciousness checks, because Mr. Reaves suffers from severe hearing impairment. Because the Protocol is silent as to what is required to ensure he is unconscious, Mr. Reaves is at the mercy of the executioner to conduct the consciousness check appropriately. The state courts summarily denied his claim. *Reaves v. State*, SC2026-1512 (Fla. Oct. 14, 2026).

WHEREFORE Mr. Reaves seeks permission from this Court to intervene as a plaintiff in the above-captioned action.

Respectfully submitted,

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South
Fla. Bar No. 116001
*lacyb@ccsr.state.fl.us*

YIITSODIRAH FINAL
Staff Attorney
Fla. Bar No. 1058816
*FinalY@ccsr.state.fl.us*

Capital Collateral Regional
Counsel-South
110 SE 6th Street, Suite 701
Fort Lauderdale, FL 33301
Tel. (954) 713-1284

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the following was filed in the above-captioned cause using Pacer this 16th day of October, 2026. The below listed parties were also emailed a true copy of the foregoing.

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South

Counsel for Mr. Guardado:
Linda McDermott, Chief, Capital Habeas Unit
*linda_mcdermott@fd.org*

Sean Dunn, Assistant Federal Defender
*sean_dunn@fd.org*

Counsel for the State: Office of the Attorney General
Charmaine Millsaps
*charmaine.millsaps@myfloridalegal.com*
*capapp@myfloridalegal.com*

Jason Rodriguez
*Jason.rodriguez@myfloridalegal.com*

Leslie Campbell
*leslie.Campbell@myfloridalegal.com*

Lisa-Marie Lerner
*Lisamarie.lerner@myflorida.legal.com*