UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

JESSE GUARDADO,
Plaintiff,

v.

RICHARD COMERFORD, Sec'y, Dep't of Corr.,

and

RANDALL POLK, Warden, Florida State Prison,
Defendants.
______________________________/

Civil Action No. 3:26-cv-02596-MMH-SJH

**Emergency Motion for Stay of Execution**

**Execution Scheduled For: October 20, 2026, at 6:00 p.m.**

## EMERGENCY MOTION FOR STAY OF EXECUTION

**COMES NOW, WILLIAM REAVES,** by and through his undersigned counsel, and herein moves the Court to enter a stay of his execution, which is currently scheduled for October 20, 2026, at 6:00 p.m., at Florida State Prison, should this Court grant his motion to intervene.[1] In support thereof, Mr. Reaves states as follows:

### I. Introduction

On Friday, September 18, 2026, Governor Ron DeSantis signed a death warrant for Mr. Reaves, setting his execution for October 20, 2026, at 6:00 p.m.

Florida intends to carry out Mr. Reaves's execution via Lethal Injection

[1] Mr. Reaves has simultaneously filed a motion to intervene in the above-captioned matter.

for which it will rely on the same 3-drug-Protocol, most recently certified on August 14, 2026, administered by the Florida Department of Corrections ("FDOC"). This is the same Protocol, including the same expired drugs, Plaintiff Guardado avers FDOC continues to maladminister.

On September 28, 2026, Plaintiff Guardardo filed a 42 U.S.C. § 1983 complaint in this Court, seeking emergency declaratory and injunctive relief preventing his execution from proceeding. On October 16 2026, this Court granted a limited evidentiary hearing on Mr. Guardado's complaint, which is scheduled for October 22, 2026. The same day, Mr. Reaves sought to intervene in the action. Because Mr. Reaves's execution is currently scheduled for October 20, two days before the hearing, a stay of execution is warranted.

## II. Mr. Reaves's Action Satisfies the Requirements for a Stay

A stay of execution of a death sentence is a form of injunctive relief. *See Siegel v. LePor*e, 234 F.3d 1163, 1176 (11th Cir. 2000). Under Eleventh Circuit precedent, a stay is thus warranted when four factors are satisfied: "(1) [the applicant] has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Mann v. Palmer*, 713 F.3d 1306, 1310 (11th Cir. 2013) (quoting *Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011)).

Mr. Reaves, through Mr. Guardado, has alleged in the § 1983 complaint

that his federal constitutional right to freedom from cruel and unusual punishment pursuant to the Eighth Amendment will be violated if his execution proceeds using Florida's lethal injection protocol, including expired drugs, and the risk of maladministration. These proffered facts that satisfy each of the elements required for a stay. As such, Mr. Reaves should be granted a stay pending this Court's resolution of this action in the ordinary course, otherwise, Mr. Reaves will be executed using an execution process that this Court has determined warrants further review.

**A. The Cause of Action Has a Substantial Likelihood of Success**

The likelihood that Mr. Reaves will prevail on the merits of his claim is demonstrated through the complaint in this action, which establishes that the method of execution using the existing Protocol, which FDOC continues to maladminister, continues to cause constitutionally prohibited levels of pain. The Eighth Amendment prohibits the risk of punishments that "involve the unnecessary and wanton infliction of pain," or "torture or a lingering death," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Louisiana ex. rel. Francis v. Resweber*, 329 U.S. 459 (1947).

In *Baze v. Rees*, 553 U.S. 35, 50 (2008) and *Glossip v. Gross*, 576 U.S. 863 (2015), the Supreme court confirmed that the Eighth Amendment protects inmates from method of execution that pose "a substantial risk of serious harm." A state's planned method of execution can violate the Eighth

Amendment's prohibition on cruel and unusual punishment either on its face or as applied. In *Glossip*, the Supreme Court provided that to succeed on the claim, the inmate has to establish that the particular method of execution poses a risk of substantial harm and he must identify an alternative method of execution that is feasible and readily implemented, and that significantly reduces the risk of harm involved. *Glossip*, 478 U.S. at 877.

As alleged by Mr. Guardado, FDOC's continued maladministration of the current Protocol creates a substantial risk that capital defendants "will be conscious following the injection of a series of drugs that can inflict torturous pain to a conscious recipient—all while he is paralyzed and unable to outwardly evince that pain" (DOC. 18, p. 2).

The record is clear: Florida is not following its own protocol, and medical records establish such deviation is not without severe impact on the executed. If the requested injunction is not issued, Mr. Reaves will be executed before this Court hears evidence supporting the complaint. As a result, Mr. Reaves will die by lethal injection in a torturous manner in violation of his Eighth Amendment right to be free from cruel and unusual punishment. There is a substantial likelihood that he will succeed in this action.

### B. Mr. Reaves Will Suffer Irreparable Injury—Death—If No Injunction is Issued

If this Court does not issue a stay, Mr. Reaves's execution will go forward

as planned and he will be executed with a method of execution that will result in unnecessary pain and suffering contrary to the Eighth Amendment to the United States Constitution. The Eleventh Circuit has held that the threat of an imminent execution is a presumptive injury. *See, e.g.*, *In re Holladay*, 331 F.3d 1169, 1177 (11th Cir. 2003) ("We consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident."); *Ferguson v. Warden, Fla. State Prison*, 493 F. Appx 22, 26 (11th Cir. 2012) (Wilson, J., concurring) ("As a general rule, in the circumstance of an imminent execution, this court presumes the existence of irreparable injury."). If the execution is not stopped, Mr. Reaves will suffer irreparable injury.

**C. A Stay Would Not Harm Defendants**

There is no reason to deny a stay and deny Mr. Reaves the review he is entitled. Defendants would not suffer financial or any other harm from a stay to allow the Court to evaluate the violation of Mr. Reaves's federal constitutional due process rights. Where an individual's claim underlying his desire for a stay of execution could mean further proceedings, that weighs heavily against a State's interest in the person's imminent execution. *See, e.g.*, *In re Holladay,* 331 F.3d 1169, 1177 (11th Cir. 2003) ("Moreover, contrary to the State's contention that its interest in executing Holladay outweighs his interest in further proceedings, we perceive no substantial harm that will flow to the State of Alabama or its citizens from postponing petitioner's execution

to determine whether that execution would violate the Eighth Amendment.").

### D. A Stay Would Not Be Adverse to the Public Interest

The public has an interest in the prevention of constitutional violations, particularly those carried out in the name of the People. *See Woodson v. North Carolina*, 428 U.S. 280, 303-04 (1976) ("[D]eath is a punishment different from all other sanctions in kind rather than degree."). In the context of the death penalty, where the punishment is "the most irremediable and unfathomable of penalties," *Ford v. Wainwright*, 477 U.S. 399, 411 (1986), the public interest is best served by ensuring that no man is subjected to unconstitutionally cruel and unusual punishment when the movant has met the pleading requirements. The public, as well as the judiciary, have a heightened interest in ensuring that Mr. Reaves's constitutional claims are adequately addressed, avoiding the risk of yet another botched lethal injection execution.

## III. Conclusion

For the reasons set forth above, and in Mr. Guardado's complaint, Mr. Reaves requests that the Court enter a stay of his scheduled October 20, 2026, execution so that his § 1983 action can be considered without the imminent threat of Mr. Reaves's death.

Respectfully submitted,

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South

Fla. Bar No. 116001
*lacyb@ccsr.state.fl.us*

YIITSODIRAH FINAL
Staff Attorney
Fla. Bar No. 1058816
*FinalY@ccsr.state.fl.us*

Capital Collateral Regional
Counsel-South
110 SE 6th Street, Suite 701
Fort Lauderdale, FL 33301
Tel. (954) 713-1284

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the following was filed in the above-captioned cause using Pacer this 16th day of October, 2026. The below listed parties were also emailed a true copy of the foregoing.

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South

Counsel for Mr. Guardado:
Linda McDermott, Chief, Capital Habeas Unit
*linda_mcdermott@fd.org*

Sean Dunn, Assistant Federal Defender
*sean_dunn@fd.org*

Counsel for the State: Office of the Attorney General
Charmaine Millsaps
*charmaine.millsaps@myfloridalegal.com*
*capapp@myfloridalegal.com*

Jason Rodriguez
*Jason.rodriguez@myfloridalegal.com*

Leslie Campbell
*leslie.Campbell@myfloridalegal.com*

Lisa-Marie Lerner
*Lisamarie.lerner@myflorida.legal.com*