**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JESSE GUARDADO**

Plaintiff, Case No. 3:26-cv-2596

v. **CAPITAL CASE**

**RICHARD COMERFORD,** Secretary,
Department of Corrections,
in his official capacity;

**EXECUTION OF STATE DEATH SENTENCE SET: NOVEMBER 5, 2026 AT 6:00 P.M.**

and

**RANDALL POLK,** Warden,
Florida State Prison,
in his official capacity,

Defendants.
_______________________________/

**MOTION FOR EXPEDITED SCHEDULING AND DISCOVERY ORDER**

Plaintiff Jesse Guardado respectfully moves for an expedited scheduling and discovery order in advance of the evidentiary hearing in this Court set for October 22, 2026. *See* ECF No. 19.

## I. Background

Under Local Rule 3.02(a), every party to a civil proceeding in this Court must conduct a planning conference and jointly file a case management report. Additionally, every party must participate in the initial disclosure of discovery, unless the case falls under one of the narrow exceptions enumerated by rule. *See* Fed

R. Civ. P. 26. Accordingly, the same day this Court ordered an evidentiary hearing, Guardado's counsel contacted Defendants' counsel requesting their availability for the mandatory planning conference as well as their position on a motion for an expedited scheduling order and discovery.

Defendants responded that they objected, both to participating in the planning conference as well as to an expedited scheduling order and discovery.

Given the hearing upcoming in just days, Guardado respectfully brings this motion for this Court's resolution. Guardado recognizes that these are not the ordinary circumstances under which to apply Local Rule 3.02(a), and that extensive discovery will not be possible in the short time before the hearing. However, Guardado respectfully requests that the parties be directed to participate in basic disclosures before the hearing, such as exchanging witness and exhibit lists, and that some readily available discovery in the sole possession of Defendants be provided.

## II. The Court should issue an expedited scheduling and discovery order

### A. Basic disclosures in advance of the hearing

At a minimum, Guardado requests that the parties be directed to confer and provide basic disclosures in advance of the evidentiary hearing, including the exchange of witness and exhibit lists. Although Defendants are on notice of Guardado's experts and the primary exhibits he will rely on because they were included with the complaint, Guardado has no notice of any experts or exhibits

Defendants intend to present. For instance, in their October 19, 2026, response in opposition to potential-intervenor Mr. Reaves's motion for a stay, Defendants stated that they intend "to file exhibits for the evidentiary hearing, including the execution logs for these four inmates showing that the execution team and the FDLE observer verified that the drugs used were current and not expired." ECF No. 29 at 11 n.3. In the interest of fairness, such exhibits should be disclosed to Guardado before the hearing. And Guardado submits that the parties should be directed to confer about and file any stipulations that could make the evidentiary hearing more efficient.

**B. Reasonable discovery of relevant records in Defendants' possession**

While Guardado recognizes that there are only days before the evidentiary hearing, and that extensive discovery proceedings will not be possible in advance of the hearing, he respectfully requests that Defendants be ordered to provide a reasonable amount of readily available information that is in their sole possession and goes directly to Guardado's claim.

By now, the Defendants' maladministration has been thoroughly explained, but the violations span from expired drugs, lower dosages of drugs, and unauthorized drugs altogether. Any answers to Guardado's concerns lie solely within Defendants' control. Yet, despite being on notice of the errors, Defendants have never explained the anomalies but continued executions at an unprecedented rate. Indeed, as soon as these errors were revealed in *Walls v. Dixon*, No. 4:25-cv-0488, ECF No. 1 (N.D.

Fla. Nov. 26, 2025), Defendants stopped providing any further information, refused to explain the errors, and continued executions without any pause or review.

Information about Defendants' execution practices is critical to resolving this claim. Defendants have asserted extreme secrecy surrounding their practices, and as such have been able to foster an error-prone process that has evaded judicial scrutiny. In order for this Court to thoroughly consider the maladministration Guardado has raised, that curtain needs to lift. While under different circumstances Guardado would seek to compel a more exhaustive list of documents, in light of the impending evidentiary hearing, Guardado seeks only a few narrow categories of information that would aid in this Court's resolution of the constitutional claim.

Critical in advance of the hearing are: updated drug logs beyond the period captured by the existing logs, September 30, 2025; information regarding drug storage, receipt, use, transportation, and disposal of pharmaceuticals, including expired drugs; FDLE monitors' notes from each execution in 2025 and 2026; and documents explaining internal FDOC training, preparation, and any internal debriefing after the 36 executions carried out in 2025 and 2026. In addition, while the pending litigation before this Court in *Brant* presents distinct issues from Guardado's challenge, to the extent that discovery produced in *Brant* overlaps with Guardado's discovery requests, such items should be readily accessible to Defendants and could further reduce the burdens on this Court's time.

While "the Eleventh Circuit Court of Appeals 'has not adopted a standard for allowing expedited discovery, . . . many district courts within the Eleventh Circuit have expressly used a general good cause standard when confronted with expedited discovery requests.'" *Wilson v. Hamm*, No. 2:24-cv-111-ECM, 2025 WL 794447, at *2 (M.D. Ala. Mar. 12, 2025) (quoting *Brown v. Dunn*, Case No. 2:21-cv-440-MHT, 2021 WL 4523498 (M.D. Ala. Oct. 4, 2021) (citing *Rivera v. Parker*, Case No. 1:20-CV-03210-SCJ, 2020 WL 8258735 (N.D. Ga. 2020))); *see also Mullane v. Almon*, 339 F.R.D. 659, 662-63 (N.D. Fla. 2021) (applying the good cause standard to an expedited discovery request).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *TracFone Wireless, Inc. v. SCS Supply Chain, LLC, LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (citation omitted)). Factors that courts consider when determining if good cause is present include: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Id.* (quoting *Socal Dab Tools, LLC v. Venture Techs., LLC*, Case No. 2:22-cv-128-MHT-SMD, 2022 WL 19977793, at *1 (M.D. Ala. Apr. 25, 2022) (citations omitted)). Courts have also considered

"whether the information sought expeditiously could be obtained more efficiently from some other source." *SA&H Ala. Holding*, 2023 WL 9105651, at *1.

Here, Guardado can demonstrate good cause for his request for expedited discovery. First, he filed an emergency motion to enjoin or stay his execution. ECF No. 11. A motion for a stay of execution is an appropriate mode of prospective relief under these circumstances and is analyzed identically to a motion for a preliminary injunction. For both an injunction and a stay, the inquiry is whether: (1) there exists a substantial likelihood of success on the merits; (2) irreparable injury will occur unless the requested relief is granted; (3) the relief would substantially harm the opposing party; and (4) the relief would not be adverse to the public interest. *See, e.g.*, *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019).

As to the second factor for showing good cause, Guardado narrowly tailored his discovery requests to accommodate reasonable factual development in light of the expedited timeframe of the October 22 hearing and his impending November 5 execution date. That same timeframe explains the necessity for discovery. Given that this Court has set an evidentiary hearing for October 22, Guardado is seeking expedited discovery so that, at the hearing, he may present all relevant information to the Court that is necessary to properly assess Guardado's complaint.

Further, the information Guardado requests cannot be obtained more expeditiously from other sources. All of the information Guardado is seeking is

related to Defendants' repeated and pervasive maladministration of their lethal injection protocol, which is exclusively within the Defendants' control. There are no other known available sources for Guardado to obtain this discovery.

The final factor, how far in advance of the typical discovery process the expedited request is made, is inapplicable. Although, generally, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be [] resolved before discovery begins," that practice presumes that motions to dismiss "for failure to state a claim almost always present" pure legal questions with no disputed factual issues. *Quarterman v. City of Walthourville*, 2020 WL 8879465, at *1 (S.D. Ga. Apr. 16, 2020). Here, this Court has set an evidentiary hearing precisely in order to resolve disputed issues of fact.

## III. Conclusion

The Court should issue an expedited scheduling and discovery order.

Respectfully submitted,

/s/ Linda McDermott
LINDA MCDERMOTT
Chief, Capital Habeas Unit
/s/ Sean Gunn
SEAN GUNN
Assistant Federal Public Defender
Northern District of Florida
227 North Bronough St., Suite 4200
Tallahassee, Florida 32301
(850) 942-8818
linda_mcdermott@fd.org

sean_gunn@fd.org

*Counsel for Mr. Guardado*

**LOCAL RULE 3.01(g) CERTIFICATE**

On October 16, 2026, undersigned counsel contacted counsel for Defendants to schedule the mandatory planning conference and for their position on an expedited scheduling order and discovery. Counsel for Defendants, Jason Rodriguez, stated that Defendants object to both scheduling the planning conference and an expedited scheduling order and discovery.

/s/ Sean Gunn
Sean Gunn

**CERTIFICATE OF SERVICE**

On October 19, 2026, this filing was electronically served on all attorneys attached to the CM/ECF docket.

/s/ Sean Gunn
Sean Gunn