UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

JESSE GUARDADO,
Plaintiff,

v.

RICHARD COMERFORD, Sec'y, Dep't of Corr.,

and

RANDALL POLK, Warden, Florida State Prison,
Defendants.
_____________________________/

Civil Action No. 3:26-cv-02596-MMH-SJH

**Emergency Motion for Stay of Execution**

**Execution Scheduled For: October 20, 2026, at 6:00 p.m.**

## MOTION FOR LEAVE TO REPLY

**COMES NOW, WILLIAM REAVES,** by and through his undersigned counsel, and herein moves this Court for leave to reply to the State's response to Mr. Reaves's Emergency Motion to Stay Execution, pursuant to Fed. R. Civ. P. 3.01(e). In support thereof, Mr. Reaves submits:

1. Defendant's complaint that Mr. Reaves's motion for stay of execution is dilatory relies on an incomplete, and disingenuous, recitation of the relevant facts.

2. Discovery in Florida capital postconviction proceedings is governed by Fla. R. Crim P. 3.852. Every capital-defendant facing imminent execution *is required* to seek discovery pursuant to the rule in state court. On September

23, 2026, Mr. Reaves requested discovery concerning Florida's lethal injection protocol and drugs used. The State objected and the court denied Mr. Reaves's access to records. Defendants successfully precluded, through State rules, Mr. Reaves's access to the very records he needed to support his claim. Defendants are keenly aware that the Florida state courts have denied complete access to discovery from Defendants concerning the execution process for *every single capital defendant* facing execution. Thus, Mr. Reaves has been hindered in his ability to thoroughly investigate and present claims in this Court.

3. Notably, Defendants argued in this case, for the first time, that they have not used expired etomidate. *See* ECF No. 23 at 2 n.1. Despite repeated opportunities over the course of several cases, and a directive from this Court to address the issue, Defendants have for the first time in the instant litigation "categorically den[ied] the use of expired etomidate." *See* ECF No. 23 at 2 n.2. In no less than nine cases over the last ten months, Defendants have continued to avoid saying whether the drugs that their records say were expired were in fact expired, including in Mr. Reaves's current warrant litigation. *See, e.g.*, Motion to Dismiss, *Walls v. Dixon, et al.*, No. 4:25-cv-00488-MW-MAF, ECF No. 14 at 34-35, 34-35 n.25 (M.D. Fla. Dec. 5, 2025) (calling the situation with the logs "curious" but not denying that the etomidate was expired); *see also Heath v. State*, SC2026-0112 (Fla. 2026); *King v. State*, No. SC2026-0336 (Fla. 2026); *Trotter v. State*, SC2026-0214 (Fla. 2026); *Sochor v.*

*State*, SC2026-0971 (Fla. 2026); *Hitchcock v. State*, SC2026-0574 (Fla. 2026); *Spencer v. State*, SC2026-0880 (Fla. 2026); *Occhicone v. State*, SC2026-1042 (Fla. 2026); *Reaves v. State*, SC2026-1512 (Fla. 2026).

4. When the State's power to execute its citizens is at stake, this must not be a game of "gotcha." And this court has determined that a hearing is required concerning Florida's maladministration of the Protocol.

5. Lastly, Mr. Reaves must not be faulted for any delay since *Walls's* litigation in December 2025. Undersigned counsel has been under execution warrant continuously since February 2026, except July 28 -August 10, wherein counsel filed a petition for habeas corpus in the Southern District of Florida. Counsel represented James Aren Duckett. His warrant was signed on February 27 and his proceedings lasted 5 months. He was executed on July 28, 2026. *Duckett v. State*, SC1960-72711. Counsel was lead counsel for Daniel Conahan, whose death warrant was signed on August 11, 2026. *Conahan v. State*, Case No. SC2000-0170. Mr. Conahan was executed on September 10. Within 24, hours, Governor DeSantis signed an execution warrant for William Lee Thompson, scheduling his execution for October 13. *Thompson v. State,* Case No SC1960-75499.[1] A week into the warrant, Governor DeSantis signed Mr. Reaves's warrant, scheduling his execution for October 20.

[1] The Governor withdrew Mr. Thompson's warrant on October 8. The withdrawal provided no reasoning.

Respectfully submitted,

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South
Fla. Bar No. 116001
*lacyb@ccsr.state.fl.us*

YIITSODIRAH FINAL
Staff Attorney
Fla. Bar No. 1058816
*FinalY@ccsr.state.fl.us*

Capital Collateral Regional
Counsel-South
110 SE 6th Street, Suite 701
Fort Lauderdale, FL 33301
Tel. (954) 713-1284

## CERTIFICATE OF COMPLIANCE AND OF SERVICE

I HEREBY CERTIFY that the following was filed in the above-captioned cause using Pacer this 19th day of October, 2026. The below listed parties were also emailed a true copy of the foregoing. Counsel further certifies that the instant filing meets the page limits of Fed. R. Civ. P. 3.01(e).

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South

Counsel for Mr. Guardado:
Linda McDermott, Chief, Capital Habeas Unit
*linda_mcdermott@fd.org*

Sean Dunn, Assistant Federal Defender
*sean_dunn@fd.org*

Counsel for the State: Office of the Attorney General
Charmaine Millsaps
*charmaine.millsaps@myfloridalegal.com*
*capapp@myfloridalegal.com*

Jason Rodriguez
*Jason.rodriguez@myfloridalegal.com*

Leslie Campbell
*leslie.Campbell@myfloridalegal.com*

Lisa-Marie Lerner
*Lisamarie.lerner@myflorida.legal.com*