IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**EXECUTION SCHEDULED FOR NOVEMBER 5, 2026, @ 6:00 p.m.**

JESSE GUARDADO,

*Plaintiff*,

v. Case No.: 3:26-cv-02596
CAPITAL CASE

RICHARD COMERFORD,
Secretary, Florida Department of Corrections,
in his official capacity

and

RANDALL POLK,
Warden, Florida State Prison,
in his official capacity

*Defendants*.
_______________________________________/

**MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING**

Defendants file this motion to permit two experts to testify via videoconferencing during the upcoming evidentiary hearing. One of the Defendants' experts, Joseph F. Antognini, M.D., an anesthesiologist, will be testifying at a deposition in California on the same day as the

evidentiary hearing in this case. Dr. Antognini was subpoenaed to testify for a deposition in a California court long before the evidentiary hearing was scheduled in this case. Another one of the Defendants' experts, Dr. Milad Webb, the Eighth District medical examiner, who conducts and/or oversees the autopsies of executed Florida inmates, is only available via videoconferencing. Depending on the scope of the evidentiary hearing, these experts' testimony will be necessary to establish basic facts regarding etomidate and autopsies.

Short procedural history of the current §1983 litigation

On September 28, 2026, Guardado, represented by the Capital Habeas Unit of the Office of the Federal Public Defender of the Northern District of Florida (CHU-N), filed a 42 U.S.C. § 1983 suit challenging Florida's current lethal injection protocol on Eighth Amendment grounds in this Court. (Doc. #1). He contended that a series of events will cause him to suffer from a sensation of suffocation or "air hunger," relying on the Eleventh Circuit's recent decision in *Lee v. Comm'r, Ala. Dep't of Corr.*, No. 26-11864, 2026 WL 1651147 (11th Cir. June 8, 2026) (unpublished). The core of Guardado's challenge to Florida's three-drug protocol is that the massive doses of drugs used in the protocol will cause pulmonary edema

in his lungs and, if the etomidate used as the first drug is expired, he will be conscious enough to experience the sensation of suffocating or air hunger in violation of the Eighth Amendment.

On October 16, 2026, this Court ordered a "limited" evidentiary hearing to be held regarding the use of expired etomidate on Thursday, October 22, 2026, at 9:30 a.m. in Courtroom 10B. (Doc. #19).

On Friday, October 16, 2026, the same day this Court issued the order scheduling the evidentiary hearing, the Defendants filed a motion to limit the evidentiary hearing solely to the issue of whether expired etomidate was used in the August 19, 2025 execution of Kayle Bates; the August 28, 2025 execution of Curtis Windom; the September 17, 2025 execution of David Pittman; or the September 30, 2025 execution of Victor Jones. (Doc. #23). The motion to limit the evidentiary hearing is currently pending before the Court.

On October 19, 2026, CHU-N filed an unopposed motion for this Court to permit one of the Plaintiffs experts, Dr. Almgran, to testify via videoconferencing. (Doc. #32). Defendants did not object and this Court granted that motion. (Doc. #37).

**ARGUMENT TO APPEAR VIA VIDEOCONFERENCING**

This Court should permit Dr. Antognini and Dr. Webb to appear via videoconferencing at the upcoming evidentiary hearing. Dr. Antognini has a prior commitment in another court case in California on the same day as this evidentiary hearing. He cannot appear in person in a Florida court on the same day he will be appearing in person in California. Dr. Antognini is only available to appear at the evidentiary hearing in this case in the morning before 12:30 p.m. He will probably have to testify out of order at the evidentiary hearing, depending on whether the Defendant's motion to limit the evidentiary hearing is granted.[1]

This Court has vast discretion to allow witnesses to appear via videoconferencing in civil litigation. *Cf. United States v. Faunce*, 66 F.4th 1244, 1246 (10th Cir. 2023) (concluding the district court did not abuse its discretion in allowing a government witness to testify via ZOOM at a

---

[1] If the motion to limit the evidentiary hearing is granted and the sole issue is whether expired etomidate was used in the executions of Kayle Bates; Curtis Windom; David Pittman; or Victor Jones, these two experts' testimony may be unnecessary.

revocation hearing); *Thomas v. Anderson*, 912 F.3d 971, 977-78 (7th Cir. 2018) (concluding the district court was "well within his discretion" in mandating that two non-party inmates appear via videoconferencing in a § 1983 suit).[2] And this Court should freely exercise its nearly unlimited discretion regarding witnesses appearing via videoconferencing in light of the last-minute nature of the scheduling of this evidentiary hearing and the exigency of warrant litigation.

This Court should permit Dr. Milad Webb to testify via videoconferencing due to his prior commitments and permit Dr. Joseph F. Antognini to testify via videoconferencing in the morning and out of order, if necessary. All of the Defendants' other witnesses will be appearing in person.

Accordingly, this Court should permit two of the Defendants' experts

---

[2] There is no constitutional aspect to allowing a witness to testify via videoconferencing in this § 1983 litigation because the Confrontation Clause does not apply to civil proceedings. *United States v. Zucker*, 161 U.S. 475, 481 (1896) (holding the Confrontation Clause does not apply to civil forfeiture proceedings); *United States v. Stokes*, 822 Fed. Appx. 187, 189 (4th Cir. 2020) (holding the Confrontation Clause does not apply to civil commitment hearings citing *United States v. Cox*, 549 F. App'x 169, 170 (4th Cir. 2013), and *United States v. Pardee*, 531 F. App'x 383, 387 (4th Cir. 2013)); *Wargo v. Bowles*, 194 F.3d 1308 (5th Cir. 1999) (stating the right to confront does not apply to civil proceedings).

to appear via videoconferencing at the evidentiary hearing.

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL OF FLORIDA

/s/ Charmaine Millsaps
CHARMAINE M. MILLSAPS
SPECIAL COUNSEL,
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 0989134
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
PL-01, THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
Email: capapp@myfloridalegal.com
Charmaine.millsaps@myfloridalegal.com

/s/ Jason W. Rodriguez
JASON W. RODRIGUEZ
SPECIAL COUNSEL
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 125285
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
PL-01, THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
Email: capapp@myfloridalegal.com
Jason.Rodiguez@myfloridalegal.com

/s/ Michael Mervine
MICHAEL W. MERVINE
SPECIAL COUNSEL,

ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 692131
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
3507 E. FRONTAGE RD., SUITE 200,
TAMPA, FL 33607
Email: capapp@myfloridalegal.com
Michael.Mervine@myfloridalegal.com

COUNSEL FOR DEFENDANTS

CERTIFICATE OF COMPLAINCE WITH RULE 3.01(b)

I certify that this **MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING** is within the 25-page limit governing the length and content of a motion under the local rules. M.D. Fla. Loc. R. 3.01(b).

/s/ *Charmaine Millsaps*
Charmaine M. Millsaps
Special Counsel
Asst. Attorney General

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING** has been furnished by CM/ECF to **SEAN GUNN** Assistant Public Defender of CHU-N, 227 N. Bronough Street. Tallahassee, Fl 32301; phone: (850) 942-8818; email: sean-gunn@fd.org this 19th day of October, 2026.

/s/ *Charmaine Millsaps*

Charmaine M. Millsaps
Special Counsel
Asst. Attorney General