**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JESSE GUARDADO,

Plaintiff,

v. Case No. 3:26-cv-2596-MMH-SJH

SECRETARY, DEPARTMENT OF CORRECTIONS, and WARDEN, FLORIDA STATE PRISON,

Defendants.

---

# ORDER

## I. Status

On September 28, 2026, Jesse Guardado, a death sentenced inmate, filed through counsel a Complaint under 42 U.S.C § 1983, challenging Florida's lethal injection protocol based on, inter alia, Defendants' alleged use of expired drugs during executions in 2025. See Doc. 1 (Complaint). Seven days later, on October 5, 2026, Governor Ron DeSantis signed a death warrant to carry out the sentence for Guardado. The Florida Department of Corrections (FDOC) then scheduled his execution for November 5, 2026. Guardado v. State, No SC 2005-2035 (Fla. Oct. 5, 2026). On October 8, 2026, Guardado filed an "Emergency Motion for an Injunction Under the All Writs Act or, Alternatively, for a Stay of Execution." See Doc. 11. And on October 9, 2026, Defendants filed

a Motion to Dismiss the Complaint. See Doc. 13. On October 16, 2026, after the parties' completed briefing on both motions, the Court ordered an evidentiary hearing, which is scheduled for October 22, 2026. See Doc. 19.

Before the Court is William Reaves's Emergency Motion for Permissive Intervention (Doc. 24; Mot. to Intervene) and Reaves's Emergency Motion for Stay of Execution (Doc. 25; Reaves Mot. to Stay), both of which he filed on October 16, 2026. Reaves's execution is scheduled for October 20, 2026. See Mot. to Intervene at 2. FDOC intends to carry out Reaves's execution via the same lethal injection protocol that Guardado challenges in this case and Reaves asks to join this action. Id. at 3-6. He also requests that if the Court permits him to intervene, the Court stay his execution until the Court has considered his and Guardado's claims regarding FDOC's use of expired drugs. See Reaves Mot. to Stay at 6. In support of his Motion to Stay, Reaves alleges facts regarding the four elements required for a stay. See generally id. at 3-6. Defendants filed a Response to Reaves's Motion to Intervene and Motion to Stay, in which they argue the Court should deny Reaves's request for a stay because he has engaged in dilatory conduct, and he fails to satisfy the four factors of a stay.[1] See Doc. 29. On October 19, 2026, Reaves filed a Motion for

[1] Defendants' arguments opposing the four factors of a stay for Reaves are seemingly identical to their arguments in response to Guardado's Motion to Stay. See Doc. 16.

Leave to Reply (Doc. 31; Mot. for Leave). Notably, counsel failed to confer with opposing counsel before filing the Motion for Leave as required by Rule 3.01(g) of the Local Rules, United States District Court for the Middle District of Florida. And she further violated the Court's Local Rules by including arguments in reply in the Motion. See Local Rule 3.01(d). Regardless, in an abundance of caution, the Court will grant the request to the extent that it considers the merits reply arguments presented in the Motion for Leave.

Upon review of the briefs and the procedural history of Reaves's post-warrant litigation, the Court finds that even if it permitted Reaves to intervene in this case, he is not entitled to a stay of his execution for two reasons. First, he fails to show a substantial likelihood of success on the merits because his claim is barred by res judicata. And, second, Reaves has engaged in undue delay in bringing his claim about the alleged use of expired etomidate.

## I. Law

A stay of execution is available "only [i]f the prisoner 'establishes that (1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest.'" Barwick v. Governor of Fla., 66 F.4th 896, 900 (11th Cir. 2023) (quoting Bowles v. DeSantis, 934 F.3d 1230, 1238 (11th Cir. 2019)). The Court must also consider "the extent to which the inmate

has delayed unnecessarily in bringing the claim," Walls v. Sec'y, Dep't of Corr., 161 F.4th 1281, 1284 (11th Cir. 2025) (quoting Nelson v. Campbell, 541 U.S. 637, 649–50 (2004)), because "[l]ast-minute stays should be the extreme exception, not the norm, and the last-minute nature of an application that 'could have been brought' earlier . . . may be grounds for denial of a stay." Bucklew v. Precythe, 587 U.S. 119, 150 (2019) (quotations omitted)

## III. Analysis

### 1. Res Judicata

In Muhammad v. Secretary, Florida Department of Corrections, 739 F.3d 683, 688 (11th Cir. 2014), the Eleventh Circuit Court of Appeals addressed the application of res judicata in a method-of-execution case, explaining the court "'must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation.'" Id. (quoting Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009)). "In Florida, a judgment on the merits bars a later-filed complaint when the following four conditions are present: '(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom [the] claim is made.'" Id. (quoting Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1332 (11th Cir. 2010)). "Florida law establishes that '[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action,

by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.'" Id. at 688 (emphasis in original) (quoting Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla. 2001)).

In Muhammad, the Eleventh Circuit found that the plaintiff's Eighth Amendment method-of-execution claim was barred by res judicata because the Florida Supreme Court had already decided the claim. The Court explained as follows:

> The decision rendered by the Supreme Court of Florida was a judgment on the merits that rejected the same claim Muhammad now alleges in federal court: the use of midazolam hydrochloride in Florida's three-drug lethal injection protocol creates a substantial risk of serious harm. The cause of action is the same in federal court as it was in state court because both actions involve similar facts essential to the Eighth Amendment claim: allegations that an inmate executed in October 2013 moved minutes after the administration of midazolam hydrochloride; allegations that midazolam hydrochloride does not last as long as other drugs used as anesthesia in executions; allegations that midazolam hydrochloride requires more time to take effect; and allegations that the [FDOC] fails to follow protocol during executions by failing to ensure that the inmate is unconscious. We acknowledge that the amended complaint incorporates factual allegations derived from the execution logs that Florida officials disclosed to Muhammad and the district court after the Supreme Court of Florida issued its decision. But those execution logs provide only more detailed factual allegations about previous executions that Muhammad extensively discussed in his motion for relief that the Supreme Court of Florida rejected. Finally, the parties involved in the state-court action and the federal lawsuit are also the same. The individuals named in the federal lawsuit are sued in their official

> capacity and are in privity with the State of Florida, the defendant in the state-court action. See Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir.1995) ("[W]here a plaintiff brings a[ ] [§ 1983] action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself.").

Id. at 689. Based on that record, the Court found that the plaintiff failed to establish a substantial likelihood of success on the merits of his claim and denied his motion for a stay of execution. Id.

Here, after the Governor signed Reaves's death warrant, Reaves, with help from counsel, filed in the state trial court a successive motion under Florida Rule of Criminal Procedure 3.851. See State v. Reaves, No. 31-1986-CF-000729 (Fla. 19th Cir. Ct.). In that Rule 3.851 motion, Reaves challenged, inter alia, FDOC's lethal injection protocol, raising allegations concerning etomidate, the risk of conscious suffering, and the adequacy of the consciousness check. Id. The trial court denied Reaves's post-warrant challenge to FDOC's protocol, finding the challenge was untimely, procedurally barred, insufficiently pled, and without merit. Id. Reaves appealed, and the Florida Supreme Court affirmed the trial court's denial on the merits. Reaves v. State, --- So. 3d ---, 2026 WL 3071534, at *4 (Fla. Oct. 14, 2026).

Now Reaves attempts to intervene in this § 1983 action raising the claims he unsuccessfully pursued or could have pursued in his, now final, post-warrant state court litigation. First, the "the thing sued for" in both Reaves's state case and here is the same. He sought/seeks to enjoin the state from

executing him using the current lethal injection protocol and procedures. Second, the identity of the causes of action are the same. In his Rule 3.851 motion, Reaves asserted Florida's lethal injection protocol violates the Eighth Amendment because, inter alia, it fails to provide an adequate "consciousness check"; and the "likelihood of superadded pain during the execution is exacerbated because Florida's protocols already fail to protect against the conscious experience of severe pain and terror of severe air hunger until death." See Reaves, No. 1986-CF-000729. In this case, Reaves seeks to join Guardado's allegations concerning expired etomidate, the risk of conscious suffering, and the adequacy of the consciousness check. See Complaint. While Reaves did not raise in state court allegations about the use of expired etomidate, those allegations could have been raised and litigated in his state court action. See Shell v. Schwartz, 357 F. App'x 250, 252 (11th Cir. 2009)[2] (citing Dep't of Agric. & Consumer Serv. v. Mid-Florida Growers, Inc., 570 So. 2d 892, 901 (Fla. 1990) (stating that the "[t]he [res judicata] doctrine further requires plaintiffs to raise all available claims involving the same

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

circumstances in one action.”)). And Reaves fails to explain why he could not have raised those allegations in his state proceedings.

Third, both his state court proceedings and this action have the same parties. In Reaves’s Rule 3.851, he named the state of Florida. Reaves, No. 1986-CF-000729. And in this action the named Defendants are the Secretary of the FDOC (Richard Comerford) in his official capacity, and the Warden of Florida State Prison (Randall Polk) in his official capacity. Complaint at 4-5. Naming both Defendants in their official capacities is equivalent to naming the FDOC, which is an entity of the state of Florida and in privity with the state of Florida.

Finally, both Reaves’s state court proceedings and this action share the same “identity of quality in persons for or against whom [the] claim is made.” The claim Reaves raised in state court is almost identical to the allegations before the Court in this case, and “thus the [p]arties’ incentive to litigate the claims would likewise be equivalent.” Long v. Inch, No. 8:19-cv-1193-MSS-AEP, 2019 WL 11666604, at *7 (M.D. Fla. May 19, 2019) (citing Stockton v. Lansiquot, 838 F.2d 1545, 1547 (11th Cir. 1988) (finding that the fourth element of Florida’s res judicata doctrine was met where the “same plaintiff sued the same defendants for relief on substantially the same claim, arising from the same circumstances, and raised the same underlying issues in the federal proceeding as he had previously raised in the state proceeding”)). As

such, because the elements of res judicata have been satisfied, Reaves has failed to show a likelihood of success on the merits.[3]

2. Delay

"Before granting a stay of execution, a court must 'consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim.'" Long v. Sec'y, Dep't of Corr., 924 F.3d 1171, 1176 (11th Cir. 2019) (quoting Nelson v. Campbell, 541 U.S. 637, 649-50 (2004)). Indeed, the Supreme Court has recognized a "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." Nelson, 541 U.S. at 650. "Last-minute stays should be the extreme exception, not the norm, and the last-minute nature of an application that could have been brought earlier, or an applicant's attempt at manipulation, may be grounds for denial of a stay." Bucklew, 587 U.S. at 150.

Reaves challenged Florida's lethal injection procedure during the post-warrant state court proceedings that he initiated on September 27, 2026. See Reaves, No. 31-1986-CF-000729. While he did not raise the issue about FDOC's

[3] Reaves's failure to identify an alternative method of execution per Glossip v. Gross, 576 U.S. 863 (2015), also supports the Court's finding that Reaves fails to show a substantial likelihood of success on the merits. See generally Reaves Mot. to Stay.

alleged use of expired etomidate, he fails to explain why he could not have raised such allegations in his state court proceedings.[4] Indeed, the FDOC redacted drug inventory logs forming the basis of Guardado's expired etomidate allegation became public in October 2025. See Complaint at 2. But even though Reaves could have brought allegations involving those logs during his post-warrant litigation in state court, he did not attempt to raise this challenge until the Court ordered a limited evidentiary hearing on Guardado's claim and days before his scheduled execution. As such, Reaves's request is not one of the "extreme exception[s]" where a last-minute stay should be entered. Bucklew, 587 U.S. at 150. Thus, his Motion to Stay is due to be denied.

In light of the foregoing, it is

**ORDERED:**

1. William Reaves's Emergency Motion for Permissive Intervention (Doc. 24) is **DENIED**.

2. William Reaves's Emergency Motion for Stay of Execution (Doc. 25) is **DENIED**.

[4] Reaves's counsel argues that Reaves should not be faulted for any delay because she has been busy continuously litigating death warrants (Mot. for Leave at 3), but this does not explain why the expired etomidate claim was not raised. The plaintiffs' counsel in Heath v. State, 426 So. 3d 1253 (Fla. 2026), and Trotter v. State, 428 So. 3d 68 (Fla. 2026), raised allegations about the use of expired etomidate as early as February 2026. Thus, the factual basis for this challenge was in publicly available documents such that it could have been raised.

3. William Reaves's Motion for Leave to Reply (Doc. 31) is **GRANTED to the extent** stated herein.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7

c: counsel of record