IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**EXECUTION SCHEDULED FOR NOVEMBER 5, 2026, @ 6:00 p.m.**

JESSE GUARDADO,

*Plaintiff*,

v. Case No.: 3:26-cv-02596
CAPITAL CASE

RICHARD COMERFORD,
Secretary, Florida Department of Corrections,
in his official capacity

and

RANDALL POLK,
Warden, Florida State Prison,
in his official capacity

*Defendants*.
_______________________________________/

## RESPONSE TO MOTION FOR DISCOVERY

On Monday, October 19, 2026, Guardado, represented by the Capital Habeas Unit of the Office of the Federal Public Defender of the Northern District of Florida (CHU-N), filed a motion for a discovery conference and for discovery. (Doc. #30). The motion for discovery, which was filed four

days before the evidentiary hearing will begin in the morning of Thursday, October 22, 2026, seeks a laundry list of material related to the 36 executions carried out in 2025 and 2026. Much of the material sought violates Florida's confidentiality statute and it is not possible to conduct the discovery in the few remaining days before the evidentiary hearing. Defendants have no objection to both parties being required to provide tentative witness and tentative exhibits lists, subject to this Court's ruling on the pending motion to limit the evidentiary hearing to the use of expired etomidate in the four executions identified in the complaint. And, indeed, the Defendants have already provided tentative witness and exhibit lists to this Court and opposing counsel. But Defendants object to any other discovery. The motion for discovery was untimely and should be denied for that reason alone.

Short procedural history of the current §1983 litigation

On September 28, 2026, Guardado filed a 42 U.S.C. § 1983 suit challenging Florida's current lethal injection protocol on Eighth Amendment grounds in this Court. (Doc. #1). He contended that a series of events will cause him to suffer from a sensation of suffocation or "air hunger," relying on the Eleventh Circuit's recent decision in *Lee v.*

*Comm'r, Ala. Dep't of Corr.*, No. 26-11864, 2026 WL 1651147 (11th Cir. June 8, 2026) (unpublished). The core of Guardado's challenge to Florida's three-drug protocol is that the massive doses of drugs used in the protocol will cause pulmonary edema in his lungs and, if the etomidate used as the first drug is expired, he will be unconscious enough to pass the consciousness check but will be conscious enough to experience the sensation of suffocating or air hunger in violation of the Eighth Amendment.

This Court ordered a "limited" evidentiary hearing to be held on Thursday, October 22, 2026, at 9:30 a.m. in Courtroom 10B. (Doc. #19). On the same day, October 16, 2026, Defendants filed a motion to limit the evidentiary hearing to the matter of whether expired etomidate was used in the four executions, specifically the executions of Bates, Windom, Pittman, <u>or</u> Jones, which is still pending before this Court. (Doc. #23).

On Monday, October 19, 2026, Guardado filed a motion to compel a conference regarding discovery and a motion to compel discovery. (Doc. #30). He seeks "updated drug logs beyond the period captured by the existing logs, September 30, 2025; information regarding drug storage, receipt, use, transportation, and disposal of pharmaceuticals, including

expired drugs; FDLE monitors' notes from each execution in 2025 and 2026; and documents explaining internal FDOC training, preparation, and any internal debriefing after the 36 executions carried out in 2025 and 2026." (Doc. #30 at 4).

Later, on the same day, October 19, 2026, the Defendants filed a tentative exhibit list for the upcoming evidentiary hearing. (Doc. #33). Defendants also filed a tentative witness list. (Doc. #36). No witness or exhibit lists have been filed by CHU-N.

## **ARGUMENT TO DENY DISCOVERY**

This Court should deny the motion for discovery. The motion for discovery, in the context of this active warrant litigation, is untimely. Any motion for discovery should have been filed shortly after the warrant was signed on October 5, 2026, not weeks later on October 19, 2026. Such attempts at manipulation of the judicial process may be grounds for a denial of a stay of execution and likewise, manipulation of the judicial process is grounds for a denial of a motion for discovery. *Bucklew v. Precythe*, 587 U.S. 119, 150 (2019) (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)). The motion for discovery was untimely and should be

denied for that reason alone.

Guardado seeks material from 36 executions. He wants "updated drug logs beyond the period captured by the existing logs, September 30, 2025; information regarding drug storage, receipt, use, transportation, and disposal of pharmaceuticals, including expired drugs; FDLE monitors' notes from each execution in 2025 and 2026; and documents explaining internal FDOC training, preparation, and any internal debriefing after the 36 executions carried out in 2025 and 2026." (Doc. #30 at 4).

But much of the material Guardado seeks from these 36 executions violates Florida's confidential information statute. § 945.10(g), Fla. Stat. (2026) (prohibiting the disclosure of information "which identifies an executioner, or any person prescribing, preparing, compounding, dispensing, or administering a lethal injection"); § 945.10(j)1., Fla. Stat. (2026) (prohibiting the disclosure of information or records "that identify or could reasonably lead to the identification of any person or entity that participates in, has participated in, or will participate in an execution, including persons or entities administering, compounding, dispensing, distributing, maintaining, manufacturing, ordering, preparing, prescribing, providing, purchasing, or supplying drugs, chemicals,

supplies, or equipment necessary to conduct an execution in compliance with chapter 922"). Information about the receipt, use, and transportation of the drugs is likely to result in the source of the drugs being revealed, contrary to the confidential information statute as well as being contrary to Eleventh Circuit precedent. The FDLE monitors' notes from each execution will not only disclose the names of all the FDLE agents involved in the executions in both 2025 and 2026 but those notes may well have the names of the execution team as would "any internal debriefing," contrary to the confidential information statute.

The Eleventh Circuit has repeatedly rejected challenges to protocols based on confidentiality. *See, e.g.*, *Jones v. Comm'r, Ga. Dept. of Corr.*, 811 F.3d 1288, 1291 (11th Cir. 2016) (denying a stay to litigate a § 1983 complaint alleging that Georgia's Lethal Injection Secrecy Act, O.C.G.A. § 42–5–36, deprives him of the information necessary to challenge its lethal injection protocol, in violation of his due process); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1328 (11th Cir. 2020) (affirming the district court quashing a subpoena of a non-party under Federal Rule of Civil Procedure 45 seeking Georgia's supply and use of pentobarbital because "it is quite predictable that the supplier will stop providing the drug to

Georgia once its identity is disclosed" and because the "drug supplier under statutory assurances of absolute confidentiality"); *Gissendaner v. Comm'r, Ga. Dept. of Corr.*, 779 F.3d 1275 (11th Cir. 2015). The Eleventh Circuit explained the need for secrecy regarding protocols in some detail, noting the problems disclosures of the source of the drugs had caused in obtaining the drugs when "anti-death-penalty advocates pressured" drug companies into refusing to supply the necessary drugs, after the disclosures. *Jordan*, 947 F.3d at 1331 (relying on the Supreme Court's similar observations in *Glossip v. Gross*, 576 U.S. 863, 870 (2015)).[1]

Additionally, even ignoring the confidential nature of much of the material sought, this laundry list of material involves items that are unconnected to any claim pending before this Court. For example, he seeks "documents explaining internal FDOC training and preparation" without identifying how that information relates to the use of expired etomidate or to a valid Eighth Amendment claim. There is no such Eighth Amendment

[1] *See also Muhammad v. State*, 132 So. 3d 176, 205-06 (Fla. 2013) (upholding the constitutionality of the confidential information statute); *Correll v. State*, 184 So. 3d 478, 486 (Fla. 2015) (rejecting a constitutional challenge to the confidential information statute based on evolving standards of decency and having a "right" to know the identities of execution team members and noting the recent executions were carried out with no "difficulties").

claim as deviations from a protocol, which CHU-N characterizes as maladministration, unless the deviation results in a violation of the *Baze/Glossip* test. *Baze v. Rees*, 553 U.S. 35 (2008); *Glossip v. Gross*, 576 U.S. 863 (2015). Deviations from a protocol, in and of themselves, are not a violation of the Eighth Amendment and especially not in a protocol that permits authorized deviations. *Jordan v. Mississippi State Executioner*, No. 25-70013, 2025 WL 1752391, at *2, n.2 & *3 (5th Cir. June 24, 2025) (denying a stay of execution to litigate a deviation from the protocol claim in an Eighth Amendment challenge to Mississippi's three-drug protocol where prison officials admitted they did not strictly follow the protocol regarding the consciousness checks); *Cooey v. Strickland*, 589 F.3d 210, 225 (6th Cir. 2009) (stating that even proof of medical negligence in past executions is "not sufficient to render a facially constitutionally sound protocol unconstitutional").

Moreover, it is not possible to conduct discovery in the two days remaining before the evidentiary hearing on Thursday, October 22, 2026. The discovery phase of the similar litigation in *Bryant v. Palmer*, 3:13-cv-00412 (M.D. Fla.), lasted over six years. (Docs. #213; #130).[2]

---

[2] The repeated references to the *Bryant* litigation in the pleadings by both

Any conference regarding discovery between the parties will simply consume valuable time that is needed by Defendants to prepare for the evidentiary hearing itself. The Tallahassee branch of the capital division of the Office of the Attorney General currently has only two attorneys, whereas the Capital Habeas Unit has several attorneys. In light of the scheduled evidentiary hearing being only days away, with one of the days necessarily devoted to travel, the belated motion for discovery should be denied.

There is no reason to require any more discovery than a tentative witnesses list and a tentative exhibits list which are subject to change depending on this Court's ruling on the pending motion to limit the hearing to the critical subject of the etomidate used in four executions. The Defendants have filed both a tentative exhibit list and a tentative witness list for the upcoming evidentiary hearing. (Doc. #33; #36).

The exhibits will be used to establish that expired etomidate was <u>not</u> used in the executions of Bates, Windom, Pittman, or Jones. Those exhibits, that have already been disclosed to CHU-N, go to the very core

---

parties should satisfy the local rule requiring "Notice of a Related Action." M.D. Loc. R. 1.07(c).

of Guardado's allegation regarding the use of expired etomidate in prior executions and rebut his Goldilocks speculation about his own execution.

This Court referred to the evidentiary hearing as being "limited." (Doc. #19). This massive and last-minute discovery request should convince this Court to grant the Defendants' motion to limit the evidentiary hearing solely to the matter of the date of the expiration of the etomidate in the four executions identified in the complaint.

The Supreme Court has rejected a similar Eighth Amendment challenge to the federal lethal injection protocol. In *Barr v. Lee*, 591 U.S. 979 (2020), the Supreme Court, in a § 1983 suit, rejected an Eighth Amendment challenge to the federal lethal injection protocol of a single dose of pentobarbital. Federal inmates asserted that the protocol would cause flash pulmonary edema which would temporarily produce the sensation of drowning or asphyxiation. *Barr*, 591 U.S. at 981. A district court enjoined the executions but the Supreme Court vacated the stays finding that the plaintiffs had not established that they are likely to succeed on the merits of their Eighth Amendment claim. *Id.* at 980. The Court noted that the protocol had been used "to carry out over 100 executions without incident." *Id.* The High Court then vacated the stay.

*Id.* at 981.

Once the evidentiary hearing establishes that the etomidate used in the four executions at issue was not expired, there is no reason to prolong the evidentiary hearing with any other matters when the Supreme Court has rejected a similar Eighth Amendment claim in *Barr v. Lee*. At that point, the pending Rule 12(b)(6) motion to dismiss should be granted. The pending Rule 12(b)(6) motion to dismiss should be resolved before any discovery on the laundry list of materials from the dozens of other executions is even considered. *Cf. Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (stating that any legally invalid claim that would "unduly enlarge the scope of discovery" should be eliminated before the discovery stage). The motion for expedited discovery of material from numerous other executions is premature.

Accordingly, this Court should deny the untimely motion for discovery of confidential information.

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL OF FLORIDA

/s/ *Charmaine Millsaps*
CHARMAINE M. MILLSAPS

SPECIAL COUNSEL,
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 0989134
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
PL-01, THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
Email: capapp@myfloridalegal.com
Charmaine.millsaps@myfloridalegal.com

/s/ *Jason W. Rodriguez*
JASON W. RODRIGUEZ
SPECIAL COUNSEL,
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 125285
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
PL-01, THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
Email: capapp@myfloridalegal.com
Jason.Rodiguez@myfloridalegal.com

/s/ *Michael Mervine*
MICHAEL W. MERVINE
SPECIAL COUNSEL,
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 692131
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
3507 E. FRONTAGE RD., SUITE 200,
TAMPA, FL 33607
Email: capapp@myfloridalegal.com
Michael.Mervine@myfloridalegal.com

COUNSEL FOR DEFENDANTS

CERTIFICATE OF COMPLAINCE WITH RULE 3.01(b)

I certify that this **RESPONSE TO MOTION FOR DISCOVERY** is within the 20-page limit governing the length and content of a response to a motion under the local rules. M.D. Fla. Loc. R. 3.01(c).

/s/ *Charmaine Millsaps*
Charmaine M. Millsaps
Special Counsel
Asst. Attorney General

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **RESPONSE TO MOTION FOR DISCOVERY** has been furnished by CM/ECF to **SEAN GUNN** Assistant Public Defender of CHU-N, 227 N. Bronough Street. Tallahassee, Fl 32301; phone: (850) 942-8818; email: sean-gunn@fd.org this 19th day of October, 2026.

/s/ *Charmaine Millsaps*
Charmaine M. Millsaps
Special Counsel
Asst. Attorney General