IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**EXECUTION SCHEDULED FOR NOVEMBER 5, 2026, @ 6:00 p.m.**

JESSE GUARDADO,

*Plaintiff*,

v. Case No.: 3:26-cv-02596
CAPITAL CASE

RICHARD COMERFORD,
Secretary, Florida Department of Corrections,
in his official capacity

and

RANDALL POLK,
Warden, Florida State Prison,
in his official capacity

*Defendants*.
_____________________________________________/

**AMENDED UNOPPOSED MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING**

Defendants file this amended motion to permit two experts to testify via videoconferencing during the upcoming evidentiary hearing.[1] One of

[1] This amended motion is filed to reflect CHU-N's position on the motion in compliance with Rule 3.01(g) and to explain the modern practice is for the

the Defendants' experts, Joseph F. Antognini, M.D., an anesthesiologist, will be testifying at a deposition in California on the same day as the evidentiary hearing in this case. Dr. Antognini was subpoenaed to testify for a deposition in a California court long before the evidentiary hearing was scheduled in this case. Another one of the Defendants' experts, Dr. Milad Webb, the Eighth District medical examiner, who conducts and/or oversees the autopsies of executed Florida inmates, is only available via videoconferencing. Depending on the scope of the evidentiary hearing, these experts' testimony will be necessary to establish basic facts regarding etomidate and autopsies.

Short procedural history of the current §1983 litigation

On September 28, 2026, Guardado, represented by the Capital Habeas Unit of the Office of the Federal Public Defender of the Northern District of Florida (CHU-N), filed a 42 U.S.C. § 1983 suit challenging Florida's current lethal injection protocol on Eighth Amendment grounds in this Court. (Doc. #1). He contended that a series of events will cause him to suffer from a sensation of suffocation or "air hunger," relying on the

---

judge to swear a remote witness in when the witness is appearing via videoconferencing as opposed to appearing telephonically.

Eleventh Circuit's recent decision in *Lee v. Comm'r, Ala. Dep't of Corr.*, No. 26-11864, 2026 WL 1651147 (11th Cir. June 8, 2026) (unpublished). The core of Guardado's challenge to Florida's three-drug protocol is that the massive doses of drugs used in the protocol will cause pulmonary edema in his lungs and, if the etomidate used as the first drug is expired, he will be conscious enough to experience the sensation of suffocating or air hunger in violation of the Eighth Amendment.

On October 16, 2026, this Court ordered a "limited" evidentiary hearing to be held regarding the use of expired etomidate on Thursday, October 22, 2026, at 9:30 a.m. in Courtroom 10B. (Doc. #19).

On Friday, October 16, 2026, the same day this Court issued the order scheduling the evidentiary hearing, the Defendants filed a motion to limit the evidentiary hearing solely to the issue of whether expired etomidate was used in the August 19, 2025 execution of Kayle Bates; the August 28, 2025 execution of Curtis Windom; the September 17, 2025 execution of David Pittman; or the September 30, 2025 execution of Victor Jones. (Doc. #23). The motion to limit the evidentiary hearing is currently pending before the Court.

On October 19, 2026, CHU-N filed an unopposed motion for this

Court to permit one of the Plaintiffs experts, Dr. Almgran, to testify via videoconferencing. (Doc. #32). Defendants did not object and this Court granted that motion. (Doc. #37).

## ARGUMENT TO APPEAR VIA VIDEOCONFERENCING

This Court should permit Dr. Antognini and Dr. Webb to appear via videoconferencing at the upcoming evidentiary hearing. Dr. Antognini has a prior commitment in another court case in California on the same day as this evidentiary hearing. He cannot appear in person in a Florida court on the same day he will be appearing in person in California. Dr. Antognini is only available to appear at the evidentiary hearing in this case in the morning before 12:30 p.m. He will probably have to testify out of order at the evidentiary hearing, depending on whether the Defendant's motion to limit the evidentiary hearing is granted.[2]

This Court has vast discretion to allow witnesses to appear via

---

[2] If the motion to limit the evidentiary hearing is granted and the sole issue is whether expired etomidate was used in the executions of Kayle Bates; Curtis Windom; David Pittman; or Victor Jones, these two experts' testimony may be unnecessary.

videoconferencing in civil litigation. *Cf. United States v. Faunce*, 66 F.4th 1244, 1246 (10th Cir. 2023) (concluding the district court did not abuse its discretion in allowing a government witness to testify via ZOOM at a revocation hearing); *Thomas v. Anderson*, 912 F.3d 971, 977-78 (7th Cir. 2018) (concluding the district court was "well within his discretion" in mandating that two non-party inmates appear via videoconferencing in a § 1983 suit).[3] And this Court should freely exercise its nearly unlimited discretion regarding witnesses appearing via videoconferencing in light of the last-minute nature of the scheduling of this evidentiary hearing and the exigency of warrant litigation.

This Court should permit Dr. Milad Webb to testify via videoconferencing due to his prior commitments and permit Dr. Joseph F. Antognini to testify via videoconferencing in the morning and out of order,

[3] There is no constitutional aspect to allowing a witness to testify via videoconferencing in this § 1983 litigation because the Confrontation Clause does not apply to civil proceedings. *United States v. Zucker*, 161 U.S. 475, 481 (1896) (holding the Confrontation Clause does not apply to civil forfeiture proceedings); *United States v. Stokes*, 822 Fed. Appx. 187, 189 (4th Cir. 2020) (holding the Confrontation Clause does not apply to civil commitment hearings citing *United States v. Cox*, 549 F. App'x 169, 170 (4th Cir. 2013), and *United States v. Pardee*, 531 F. App'x 383, 387 (4th Cir. 2013)); *Wargo v. Bowles*, 194 F.3d 1308 (5th Cir. 1999) (stating the right to confront does not apply to civil proceedings).

if necessary. All of the Defendants' other witnesses will be appearing in person.

**Oath when Appearing via Videoconferencing**

The federal statute governing oaths, 28 U.S.C. § 459, provides: "Each justice or judge of the United States may administer oaths and affirmations and take acknowledgments." The statute contains no limitation as to where the witness is physically located. The Federal Rule of Civil Procedure governing taking testimony, Rule 43(a), provides a court "may permit testimony in open court by contemporaneous transmission from a different location," upon a showing of good cause. The last-minute nature of the evidentiary hearing during an active warrant is good cause. *See also* Fed. R. Evid. 611(a) (noting a court should adopt procedures that are "effective for determining the truth" and that "avoid wasting time"). Moreover, a witness testifying remotely in federal court is still subject to prosecution for perjury by the Federal Government under 18 U.S.C.§ 1621, regardless of the witness' physical location. *Thomas v. Loney*, 134 U.S. 372 (1890).

The modern practice, when a witness is testifying via videoconferencing as opposed to testifying via telephone, is for the judge

to administer the oath. The practice of requiring a notary to administer the oath when a witness was testifying via telephone was necessary because the Court cannot visually confirm the oath was given. But videoconferencing allows the court to do so, as well as allows the Court to see the witness' demeanor and mannerisms to make credibility determinations. *In re RFC and ResCap Liquidating Trust Action*, 111 Fed. R. Evid. Serv. 1184 (D. Minn. 2020) (explaining modern technology minimized concerns of testifying remotely and ordering during COVID, over objection, that the two remaining witnesses testify via videoconferencing rather than continuing the trial). This Court should simply administer the oath to the two witnesses itself before their testimony.[4]

Accordingly, this Court should permit two of the Defendants' experts to appear via videoconferencing at the evidentiary hearing.

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL OF FLORIDA

[4] Confrontation issues with a witness appearing via videoconferencing do not arise because this is civil litigation. *Leatherwood v. Anna's Linens Co.*, 384 Fed. Appx. 853, 856 (11th Cir. 2010) (noting the Sixth Amendment right to confront adverse witnesses is inapplicable to civil cases citing *Birt v. Montgomery*, 709 F.2d 690, 704 n.2 (11th Cir. 1983)).

/s/ *Charmaine Millsaps*
CHARMAINE M. MILLSAPS
SPECIAL COUNSEL,
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 0989134
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
PL-01, THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
Email: capapp@myfloridalegal.com
Charmaine.millsaps@myfloridalegal.com

/s/ *Jason W. Rodriguez*
JASON W. RODRIGUEZ
SPECIAL COUNSEL
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 125285
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
PL-01, THE CAPITOL
TALLAHASSEE, FL 32399-1050
(850) 414-3300
Email: capapp@myfloridalegal.com
Jason.Rodiguez@myfloridalegal.com

/s/ *Michael Mervine*
MICHAEL W. MERVINE
SPECIAL COUNSEL,
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 692131
OFFICE OF THE ATTORNEY
GENERAL OF FLORIDA
3507 E. FRONTAGE RD., SUITE 200,
TAMPA, FL 33607

Email: capapp@myfloridalegal.com
Michael.Mervine@myfloridalegal.com

COUNSEL FOR DEFENDANTS

CERTIFICATE OF COMPLAINCE WITH RULE 3.01(b)

I certify that this **AMENDED MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING** is within the 25-page limit governing the length and content of a motion under the local rules. M.D. Fla. Loc. R. 3.01(b).

/s/ *Charmaine Millsaps*
Charmaine M. Millsaps
Special Counsel
Asst. Attorney General

CERTIFICATE OF COMPLAINCE WITH RULE 3.01(g)

I certify that I conferred with opposing counsel, **LINDA MCDERMOTT**, Chief of CHU-N, via email regarding this **AMENDED MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING** who respond to the email sent yesterday this morning and she stated she had no objection to these witnesses testifying remotely. M.D. Fla. Loc. R. 3.01(g).

/s/ *Charmaine Millsaps*
Charmaine M. Millsaps
Special Counsel
Asst. Attorney General

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **AMENDED MOTION TO PERMIT TWO EXPERTS TO TESTIFY VIA VIDEOCONFERENCING** has been furnished by CM/ECF to **SEAN GUNN** Assistant Public Defender of CHU-N, 227 N. Bronough Street. Tallahassee, Fl 32301; phone: (850) 942-8818; email: sean-gunn@fd.org this 20th day of October, 2026.

/s/ *Charmaine Millsaps*
Charmaine M. Millsaps
Special Counsel
Asst. Attorney General