**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JESSE GUARDADO,

Plaintiff,

v. Case No. 3:26-cv-2596-MMH-SJH

RICHARD COMERFORD, in his official capacity as the Secretary, Florida Department of Corrections, and RANDALL POLK, in his official capacity as the Warden of Florida State Prison,

Defendants.

---

**ORDER**

Plaintiff, Jesse Guardado, a death row inmate of the Florida penal system who is scheduled for execution on November 5, 2026, filed, through counsel, a Complaint under 42 U.S.C. § 1983, alleging routine maladministration of critical phases of Florida's lethal injection protocol renders it unconstitutional. See Doc 1. (Complaint). As Defendants, Guardado names the Secretary of the Florida Department of Corrections (FDOC) (Richard Comerford) in his official capacity, and the Warden of Florida State Prison (Randall Polk) in his official capacity. Id. at 4-5. On October 8, 2026, Guardado filed an "Emergency Motion for an Injunction Under the All Writs Act, or, Alternatively, for a Stay of Execution." See Doc. 11 (Mot. to Stay). The

Court has scheduled an evidentiary hearing on the Motion to Stay for October 22, 2026. See Doc. 19.

Before the Court is Defendants' "Motion to Limit Evidentiary Hearing to the Issue of Expired Etomidate." See Doc. 23 (Mot. in Limine). Defendants ask that the Court "limit the evidentiary hearing solely to the issue of whether expired etomidate was used in the August 19, 2025 execution of Kayle Bates; the August 28, 2025 execution of Curtis Windom; the September 17, 2025 execution of David Pittman; or the September 30, 2025 execution of Victor Jones." Id. at 5. According to Defendants, "[n]o other matters should be considered," including the toxicology reports, autopsy reports, or any other evidence attached to or referenced in the Complaint. Id. at 5, 10-11. Defendants argue that this evidence of post-mortem amounts of etomidate is an unreliable indication of whether Defendants are using expired etomidate and does not meet the standard established under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Id. at 10.

In his Response (Doc. 27), Guardado asserts he should be allowed to "present any evidence at the hearing that supports his claim." See id. at 2. And, according to Guardado, the toxicology reports, autopsies, and other evidence Defendants seek to exclude support his claim that FDOC is using expired etomidate. Id. at 3. Guardado contends that Daubert does not support

exclusion; and instead, the evidence goes to the weight of his claim, not the admissibility. Id. at 10. The Court agrees.

Accordingly, it is **ORDERED** that Defendants' "Motion to Limit Evidentiary Hearing to the Issue of Expired Etomidate" (Doc. 23) is **DENIED without prejudice** to Defendants' ability to raise an objection under Daubert to a specific question or opinion presented during the evidentiary hearing.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7

c: counsel of record