IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**EXECUTION SCHEDULED FOR NOVEMBER 5, 2026, @ 6:00 p.m.**

JESSE GUARDADO,

*Plaintiff*,

v.

Case No.: 3:26-cv-02596
CAPITAL CASE

RICHARD COMERFORD,
Secretary, Florida Department of Corrections,
in his official capacity

and

RANDALL POLK,
Warden, Florida State Prison,
in his official capacity

*Defendants*.
_______________________________________________/

**UNOPPOSED MOTION TO REDACT EVIDENTIARY HEARING TRANSCRIPT**

The Florida Department of Corrections ("FDC") Defendants move this Court to require the court reporter to redact page 234, lines 4 through 9 of the October 22, 2026, evidentiary hearing transcript. Those transcript lines should be redacted because they could "reasonably lead to the identification" of an entity responsible for manufacturing, providing, or supplying the lethal injection drugs. *See* § 945.10(j)1, Fla. Stat.; *Glossip v. Gross*, 576 U.S. 863, 869–71 (2015)

(recounting the successful crusade anti-death-penalty advocates launched to make lethal-injection drugs unavailable to Oklahoma).

In *Glossip*'s wake, federal circuit courts repeatedly protected manufacturer information from disclosure in 42 U.S.C. § 1983 litigation.[1] These decisions recognize States have a "strong interest in enforcing" capital punishment that would be jeopardized by disclosing manufacturers. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1340–41 (11th Cir. 2020). As "recognized by the Supreme Court in *Glossip*, the historical record reveals that disclosure of the supplier for a particular drug used by a state in executions will have predictable consequences: anti-death penalty advocates will hound the supplier of that drug until the supplier capitulates and ceases supplying the drug." *Id.* at 1341–42.

This Court, too, has been "sensitive" to concerns about manufacturer disclosure. (EH:264.) Lines 4 through 9 on page 234 present the same danger that federal courts are sensitive to. They identify actions a manufacturer may

[1] *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 190–93 (4th Cir. 2019) (upholding an order quashing a subpoena seeking lethal-injection-drug suppliers); *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 234, 237–39 (6th Cir. 2016) (upholding a protective order that concealed the sources of lethal-injection drugs); *In re Mo. Dep't of Corr.*, 839 F.3d 732, 736–37 (8th Cir. 2016) (granting mandamus to prohibit disclosure of an anonymous pentobarbital supplier); *Pizzuto v. Tewalt*, 136 F.4th 855, 871 (9th Cir. 2025) ("We hold that disclosure of information that would reasonably lead to the identification of the State's execution drug supplier unduly burdens the State."); *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1336–43 (11th Cir. 2020) (upholding the refusal to disclose information revealing the identities of individuals connected with supplying pentobarbital because providing that information would create an undue burden); *Arthur v. Comm'r, Ala. Dep't of Corr.*, 840 F.3d 1268, 1304–05 (11th Cir. 2016) (upholding district court's decision to preclude discovery on the "names of the drug suppliers").

have taken during a specific, narrow period. Therefore, these lines could, potentially, identify a manufacturer of a drug used in Florida's lethal injection protocol "in defiance of a [Florida] statute that promised" confidentiality. *Jordan*, 947 F.3d at 1342. These lines should be redacted.

There is no suspense about "what will happen next" if these lines remain unredacted. *See id.* With its identity potentially "unmasked" and publicly available, the manufacturer "will either immediately stop providing the drug to [Florida] or anyone else, or" the manufacturer "will eventually be hounded by anti-death penalty activists until it is forced to cease production of this substance." *Id.*

For all these reasons, this Court should order the court reporter to redact page 234, lines 4 through 9, of the October 22, 2026, evidentiary hearing transcript in this case.

Respectfully submitted,

JAMES UTHMEIER
*Florida Attorney General*

/s/ *Jason W. Rodriguez*
JASON W. RODRIGUEZ
*Special Counsel, Assistant Attorney General*
Florida Bar No. 125285
jason.rodriguez@myfloridalegal.com

/s/ *Charmaine M. Millsaps*
CHARMAINE M. MILLSAPS
*Special Counsel, Assistant Attorney General*

Florida Bar No. 989134
charmaine.millsaps@myfloridalegal.com

FLORIDA ATTORNEY GENERAL'S OFFICE
PL-01, The Capitol
Tallahassee, FL 32399
Capapp@myfloridalegal.com
(850) 414-3300

Counsel for all Defendants.

## LOCAL RULE 3.01(G) CERTIFICATE

Before filing this Motion, undersigned counsel conferred with Plaintiff's counsel, Sean Gunn, by email and is authorized to state that Plaintiff has **no objection** to the relief requested in this Motion. *See* Local Rule 3.01(g).

## CERTIFICATES OF COMPLIANCE

This Motion uses 13-point font for the body, 11-point font for footnotes, and Century Schoolbook typeface in compliance with Local Rule 1.08(a). Excluding "the caption, the signature block, any certificate of conferral or service," this Motion complies with the 25-page limit in Local Rule 3.01(a)-(b).

## CERTIFICATE OF SERVICE

On this 28th day of October 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Linda McDermott and Sean Gunn, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, 227 N. Bronough Street, Suite 4200, Tallahassee, Florida, **linda_mcdermott@fd.org**, **Sean_Gunn@fd.org**.

/s/ *Jason W. Rodriguez*
Jason W. Rodriguez
Special Counsel
Asst. Attorney General